UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN MARSHALL,

        Plaintiff,

v.                                 CAUSE NO. 3:20-CV-811 DRL-MGG

HYATT *et al.*,

        Defendants.

OPINION AND ORDER

Shawn Marshall, a prisoner without a lawyer, filed an amended complaint alleging he was on lockdown at the Miami Correctional Facility for a month and a half. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Marshall alleges he was placed on lockdown on July 1, 2020, because of an incident in his dorm. As a result, he alleges the conditions of his confinement were different. Effectively, his cell block was transformed into a segregation unit. Inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions.

*See e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (no liberty interest for 60 days in segregation) and *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005) (no liberty interest for 90 days in segregation). Here, Mr. Marshall was in segregation for only a month and a half. Therefore, this placement did not violate his constitutional rights unless the conditions were so harsh as to independently constitute an Eighth Amendment violation.

Mr. Marshall alleges that for about six weeks he was served cold sack meals three times a day. Conditions of confinement must be severe to support an Eighth Amendment claim. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012). "Prisoners have a right to adequate food, but not to food that is tasty or even appetizing." *Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017) *quoting Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004). Clearly Mr. Marshall did not enjoy eating only cold sack meals for a month and a half, but doing so did not violate the Eighth Amendment.

Mr. Marshall alleges he was also denied out of cell recreation during this time. "Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir.1996). However, "no one could believe that a single 90–day denial of yard privileges would be a cruel and unusual

2

punishment[.]." *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001). Here, there is no indication that restricting Mr. Marshall to his cell for a month and a half threatened his health.

Finally, Mr. Marshall alleges he was denied use of the telephone and mail during this month and a half. Prisoners have a First Amendment right to communicate with individuals outside the prison, but it is not an unqualified right. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989).

> A prison policy decision that impinges on an inmate's constitutional rights does not violate the Constitution if the decision is reasonably related to legitimate penological interests. The Supreme Court has set forth four factors for the Court to consider in making this determination:
> (1) whether there was a rational connection between the decision to deny [access to telephone and mail communications] and the legitimate penological interest put forward to justify the denial;
> (2) whether alternative means of exercising the right remained open to the plaintiffs;
> (3) what impact accommodation of the asserted right would have on guards and other inmates; and
> (4) whether obvious, easy alternatives existed to accommodate the plaintiffs' rights at de minimis cost to valid penological interests, tending to show that the denial was an exaggerated response to prison concerns.

*Nigl v. Litscher*, 940 F.3d 329, 333 (7th Cir. 2019) (quotation marks, citations, and footnote omitted) (*citing Turner v. Safley*, 482 U.S. 78, 89-91 (1987)).

Here, Warden William Hyatt may have had a legitimate reason for restricting all telephone and mail during the month and a half lockdown, but that cannot be determined at screening. *See Lashbrook v. Hyatte*, 758 F. App'x 539, 542 (7th Cir. 2019). Though the complaint names two other defendants, it does not plausibly allege either were involved

3

with restricting telephone and mail during the lockdown. Therefore, Messrs. Payne and D. Ellis will be dismissed.

For these reasons, the court:

(1) GRANTS Shawn Marshall leave to proceed against William Hyatt in his individual capacity for nominal and punitive damages for restricting telephone and mail from July 1, 2020, to the middle of August in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Payne and D. Ellis;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) William Hyatt at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 12), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), William Hyatt to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 3, 2021         *s/ Damon R. Leichty*
                          Judge, United States District Court