UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN MARSHALL,

              Plaintiff,

       v.                                          CAUSE NO. 3:20-CV-811-DRL-MGG

HYATT,

              Defendant.

<u>OPINION AND ORDER</u>

Shawn Marshall, a prisoner without a lawyer, is proceeding in this case against Warden William Hyatt "in his individual capacity for nominal and punitive damages for restricting telephone and mail from July 1, 2020, to the middle of August in violation of the First Amendment[.]" ECF 15 at 4. Warden Hyatt moved for summary judgment, arguing Mr. Marshall did not exhaust his administrative remedies before filing suit. ECF 32. Mr. Marshall filed a response, and Warden Hyatt filed a reply. ECF 42, 43. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278,

282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

Warden Hyatt argues Mr. Marshall did not exhaust his administrative remedies because he submitted a grievance regarding his mail being restricted but he did not fully exhaust that grievance. ECF 33 at 8. Specifically, Warden Hyatt provides evidence showing the following: Mr. Marshall submitted a grievance dated July 9, 2020, complaining he had been unable to send out his mail. ECF 32-1 at 6; ECF 32-3 at 5. On July 15, 2020, the grievance office returned the July 9 grievance to Mr. Marshall because

he did not indicate his bunk assignment in the "Housing Assignment" section of the grievance form. ECF 32-1 at 6; ECF 32-3 at 4. The "Return of Grievance" form instructed Mr. Marshall to revise the July 9 grievance to properly indicate his bunk assignment and then resubmit the revised grievance within five business days. ECF 21-1 at 6; ECF 32-3 at 4. On July 28, 2020, Mr. Marshall resubmitted a revised version of the July 9 grievance that properly indicated his bunk assignment. ECF 32-1 at 6; ECF 32-3 at 6-7. The grievance office rejected the revised grievance as untimely because Mr. Marshall had waited more than five business days to resubmit the grievance. ECF 32-1 at 6; ECF 32-3 at 6. Because Mr. Marshall does not dispute these facts, the court accepts them as undisputed.

In his response, Mr. Marshall argues the grievance office improperly rejected his July 9 grievance as untimely. ECF 42. However, the undisputed evidence shows the grievance office properly rejected the July 9 grievance on two separate occasions. First, the grievance office properly rejected Mr. Marshall's initial July 9 grievance because he did not correctly fill out the "Housing Assignment" section of the grievance form. *See* ECF 32-3 at 4-5; ECF 32-2 at 9-10 (to properly submit a grievance, "[e]ach part of the form shall be completed"). Second, the grievance office properly rejected the revised July 9 grievance as untimely because Mr. Marshall waited more than five business days to revise and resubmit the grievance. *See* ECF 32-3 at 6; ECF 32-2 at 10 (once the grievance office rejects a grievance, "[i]t shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender)." Thus, the undisputed evidence shows the grievance office properly rejected

Mr. Marshall's July 9 grievance on both occasions because he did not comply with the requirements of the grievance process. Because the undisputed evidence shows the grievance office properly rejected Mr. Marshall's July 9 grievance, and Mr. Marshall provides no evidence he submitted any other relevant grievance, Warden Hyatt has met his burden to show Mr. Marshall did not exhaust his administrative remedies prior to filing this lawsuit.

For these reasons, the court:

(1) GRANTS Warden Hyatt's motion for summary judgment (ECF 32); and

(2) DIRECTS the clerk to enter judgment in favor of Warden Hyatt and against Shawn Marshall and to close this case.

SO ORDERED.

June 15, 2022                                    *s/ Damon R. Leichty*
                                                Judge, United States District Court